# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:23-cv-00036-MR

| | |
|---|---|
| **ESTATE OF OCTAVIOUS EDWARD ELMORE © and S.J.I.,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| **vs.** ) ) | |
| **MECKLENBURG COUNTY COURTHOUSE, et al.,** ) ) ) | <u>**ORDER**</u> |
| **Defendants.** ) _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint.[1]  [Doc. 1].  Also pending is the Request for Appointment of Counsel filed by Octavious Edward Elmore.[2] [Doc. 5].  Plaintiff Elmore is proceeding in forma pauperis.  [Doc. 9].

---

[1] Plaintiff Elmore neglected to sign the Complaint, although an attached "Affidavit" is signed.  [See Doc. 1 at 18, 20; Doc. 1-1].  Plaintiff Elmore must sign his filings in future; any filings that are unsigned or otherwise fail to comply with the Court's orders or the applicable procedural rules will be stricken.  [See, e.g., Doc. 3 (Order of Instructions)].

[2] The Request is liberally construed as a Motion. Plaintiff Elmore was previously instructed that only motions will be ruled on by the Court.  [See Doc. 3].  In future, any request for relief that is not contained in a "Motion" will be disregarded and may be stricken.

## I.    BACKGROUND

Octavious Edward Elmore is a pretrial detainee at the Mecklenburg County Jail (MCJ) on multiple criminal charges that are pending in Mecklenburg County District and Superior Courts including violations of domestic violence protective orders, interfering with an electronic monitoring device, felony stalking, breaking or entering with intent to terrorize or injure, assault on a female, and possession of a firearm by a felon.[3]  He purports to file the instant action pursuant to 42 U.S.C. § 1983 and North Carolina law on behalf of himself as "Estate of Octavious Edward Elmore ©" and his minor daughter, S.J.I.[4]  [Doc. 1].

He names as Defendants:[5] the Mecklenburg County Courthouse; the Charlotte Mecklenburg Police Department (CMPD); Johnny Jennings, the CMPD Chief; Lisa Crump McDaniel, a CMPD deputy; the Mecklenburg County Sheriff's Department (MCSD); Gary McFadden, the Mecklenburg

---

[3] See, e.g., Case Nos. 20CRS205530, 20CRS205531, 20CRS5533, 20CR230687, 21CRS002203, 21CRS002204, 22CR349438.

[4] Plaintiff Elmore is instructed to refer the child by her initials rather than by her full name. Any filing that fails to comply with this directive may be stricken. The Court will instruct the Clerk to redact the documents that have been filed in this case and to replace her name with the initials S.J.I. in CM-ECF and any other records that are visible to the public.

[5] All of the Defendants are named in their official and individual capacities except for the Charlotte Mecklenburg Police Department, which is sued only in its official capacity; and Jasmine Ivey, who is sued only in her individual capacity.

2

County Sheriff; Spencer Merriweather III, the Mecklenburg County District Attorney; North Carolina Legal Aid;[6] Katie McCabee, an attorney for NC Legal Aid; and Jasmine Alicia Ivey, a "private citizen" and the mother of Plaintiff's child who obtained domestic violence protective orders against him. [Doc. 1 at 4].

He asserts claims for, *inter alia*: violations of various federal constitutional rights,[7] civil conspiracy, actual and constructive fraud, civil obstruction of justice, respondeat superior, alienation of affection, and negligent hiring, retention, and training. The Plaintiff alleges that Ivey fraudulently obtained restraining orders against him; that various Defendants conspired to deprive him of obtaining custody of his child; that he was framed, repeatedly arrested for violating the conditions of his release, and falsely charged with criminal offenses; that he "eluded" law enforcement for two or three years; and that while there was a warrant outstanding for his arrest, he went to Ivey's house, grabbed and restrained her, and was arrested. [See id. at 10; Doc. 1-1 at 4]. He also complains about the

---

[6] Plaintiff Elmore also refers to this Defendant as "North Carolina Prison Legal Aid." [Doc. 1 at 1].

[7] Plaintiff Elmore cites the Fourth and Fourteenth Amendments, and refers to *inter alia* due process violations, malicious prosecution, and violation of access to the courts.

3

conditions of his confinement at MCJ.[8] [See Doc. 1 at 13 (addressing access to the courts, etc)]. For injury, he claims irreparable harm and "torture, cruel & unusual punishment, mental & emotional distress, verbal abuse from state officials, harassment on jobs, public humiliation & slander, isolation from a God given right to be in child's life, manipulation, alienation, deception, deprived of forming a bond with [his daughter], loss of current and future employment wages, the threat of constant persecution or even death at the hands of Defendant McDaniel due to the escalation of events and handicaps placed on Plaintiff's life & wellbeing." [Doc. 1 at 14-15; Doc. 1-1 at 2-4]. He seeks $14 million in compensatory damages and $6 million in punitive damage. [Doc. 1 at 17-19].

## II.    STANDARD OF REVIEW

Because Plaintiff Elmore is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the

---

[8] It appears that it may not be appropriate for all of the Plaintiff's claims to proceed in a single lawsuit. See generally Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions of the Prison Litigation Reform Act.).

complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

Plaintiff Elmore purports to sue on behalf of himself as an "Estate" and under his own copyrighted name, and on behalf of his minor child.

As a pro se inmate, Plaintiff Elmore is not qualified to prosecute a class action or assert a claim on behalf of others.  See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others");

5

<u>Hummer v. Dalton</u>, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that Plaintiff Elmore has attempted to assert claims on behalf of S.J.I., they cannot proceed, and S.J.I. is dismissed as a Plaintiff.

Plaintiff Elmore attempts to sue on his own behalf as an "Estate" and under his copyrighted name. This appears to be tactics similar to "sovereign citizen" litigants seeking to challenge the court's jurisdiction over them and their criminal convictions. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." <u>United States v. Ulloa</u>, 511 F. App'x. 105, 106 n.1 (2d Cir. 2013). However, such sovereign citizen claims lack merit and are frivolous. <u>See</u> <u>United States v. White</u>, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); <u>United States v. Benabe</u>, 654 F.3d 753, 767 (7th Cir. 2011) (noting that "[r]egardless of an individual's claimed status ... as a 'sovereign citizen' ...

6

that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily ..."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that he was outside the court's jurisdiction as "completely without merit" and "patently frivolous"). Accordingly, to the extent that Plaintiff Elmore attempts to sue on behalf of his own copyrighted name and/or estate, this action cannot proceed. The Complaint fails to identify a Plaintiff who can prosecute this action. Therefore, it fails initial review and it will be dismissed.

The Complaint suffers from additional deficiencies that are too numerous to separately address at this juncture. For instance, the Complaint is largely conclusory and contains scattershot, unsupported allegations that are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Should Plaintiff Elmore choose to amend the Complaint, he must allege sufficient facts to plausibly state how each Defendant is a "person"

under § 1983 and how each allegedly violated his rights under the color of state law. See generally Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (to state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law"); DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (if the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions").

To the extent that Plaintiff Elmore seeks to challenge his pretrial custody and his pending criminal charges,[9] or the North Carolina courts' child custody decisions,[10] he may not do so in this action. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when a state prisoner seeks immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus); United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial petitions for writ of habeas corpus are properly brought under 28 U.S.C. § 2241); Younger v. Harris, 401 U.S. 37, 53 (1971)

---

[9] The Clerk will be instructed to provide Plaintiff Elmore with a blank § 2241 habeas form. The Court does not make any determinations about the potential merit or procedural viability of such an action.

[10] Moreover, any dispute about child custody appears to be moot, as the Plaintiff is currently incarcerated.

8

(a federal court should not interfere with ongoing state criminal proceedings except in extraordinary circumstances); Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) ("federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because domestic relations issues are traditionally within the province of the state courts); Davani v. Va. Dep't of Transp., 434 F.3d 712 (4th Cir. 2006) (describing the Rooker-Feldman doctrine, under which a state-court loser is prohibited from attempting to overturn a state court judgment in federal court) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

Finally, Plaintiff Elmore requests the appointment of counsel. [Doc. 5]. He claims *inter alia* that: the claims in this case are more severe than "normal circumstances;" the Plaintiff is in the Defendants' custody despite "more than mere conflict of interests;" Sheriff McFadden is denying the Plaintiff the opportunity to notarize his legal documents, or obtain copies of privileged legal documents, obtain copies of grievances; and Sheriff McFadden and others may jeopardize his ability to timely file motions and pursue his claims. [Doc. 5 at 1-2]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a

private attorney for a plaintiff who is unable to afford counsel.  Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff Elmore has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and this Motion will be denied.

## IV.    CONCLUSION

In sum, the Complaint fails to identify any Plaintiff who can litigate this action and it is dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A. Plaintiff Elmore's request for the appointment of counsel is denied.

The Court will allow Plaintiff Elmore thirty (30) days to amend the Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted.

2. Plaintiff Elmore shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff Elmore fails to so amend his Complaint, the matter will be dismissed without further notice.

3. Plaintiff Elmore's Request for Appointment of Counsel [Doc. 5] is construed as a Motion and it is **DENIED**.

The Clerk is respectfully instructed to redact the child Plaintiff's name from the documents that have been filed in this case and to replace her initials with "S.J.I." in CM-ECF and any other records that are visible to the public, and to mail Plaintiff Elmore blank § 1983 and § 2241 forms and a copy of this Order.

**IT IS SO ORDERED.** Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge