IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00036-MR

| | |
|---|---|
| OCTAVIOUS EDWARD ELMORE, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MECKLENBURG COUNTY )<br>COURTHOUSE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Plaintiff's Amended Complaint.[1] [Doc. 12]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I. BACKGROUND**

The pro se Plaintiff, Octavious Edward Elmore,[2] is a pretrial detainee at the Mecklenburg County Jail (MCJ) on multiple criminal charges that are

---

[1] The Plaintiff later filed an "Affidavit in Support" of the Amended Complaint. [Doc. 13]. The Plaintiff was previously cautioned that piecemeal amendment will not be permitted. [See Doc. 10 at 10]. Accordingly, to the extent that the Plaintiff intends to amend or supplement his allegations with the Affidavit, such is denied. In any event, the Affidavit is duplicative of the allegations in the Amended Complaint and would not alter the outcome of this frivolity review even if it were considered.

[2] The original Complaint names as Plaintiffs "Estate of Octavious Edward Elmore ©" and Elmore's minor daughter, S.J.I. [Doc. 1 at 1].

pending in Mecklenburg County District and Superior Courts, including violations of domestic violence protective orders (DVPOs), felony stalking, breaking or entering with intent to terrorize or injure, assault on a female, and possession of a firearm by a felon.[3] He filed this civil rights action pursuant to 42 U.S.C. § 1983 and North Carolina law. [Doc. 1]. The Complaint was dismissed on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 10]. The Amended Complaint is now before the Court for initial review. [Doc. 12].

The Plaintiff names as Defendants in their individual and official capacities: the Mecklenburg County Courthouse; the Mecklenburg County Sheriff's Department (MCSD); Gary McFadden, the Mecklenburg County Sheriff; Lisa Crump McDaniel, the CMPD deputy of records; the Charlotte Mecklenburg Police Department (CMPD); Johnny Jennings, the CMPD Chief; Spencer Merriweather, III, the Mecklenburg County District Attorney; Legal Aid of North Carolina, Inc. (LANC); Katie McAbee, an attorney with LANC; and Jasmine Ivey, a "private citizen" and the mother of Plaintiff's child who obtained DVPOs against him. [Doc. 12 at 2-3].

---

[3] See, e.g., Case Nos. 20CRS205530, 20CRS205531, 20CRS5533, 21CRS002203, 21CRS002204, 22CR349438. A charge for interfering with an electronic monitoring device which was pending at the time that this § 1983 case was filed, Case No. 20CR230687, appears to have disposed of on April 25, 2023 with the imposition of probation and special conditions. See Fed. R. Evid. 201.

2

In his Amended Complaint, the Plaintiff asserts claims under the Fourth, Eighth, and Fourteenth Amendments, and North Carolina law for actual and constructive fraud; deprivation of rights under color of state law; deprivation of liberty; intentional infliction of emotional distress; conspiracy; malicious prosecution; excess bail; respondeat superior; breach of familial bond; civil obstruction of justice; negligent and grossly negligent hiring and retention; and cruel and unusual punishment. [Id. at 3-4]. For injuries, he claims: "torture, cruel & unusual punishment, mental and emotional distress, verbal abuse from state officials, harassment on jobs, public humiliation, slander, isolation from a God given right to be in child's life, manipulation, alienation, deception, deprived of forming a bond with [his daughter], loss of current and future employment wages, the threat of constant persecution or even death at the hands of Defendants McDaniel, CMPD, and Johnny Jennings." [Id. at 6]. He seeks $40 million in compensatory, nominal, and punitive damages. [Id. at 8-9].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against

3

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

4

Case 3:23-cv-00036-MR   Document 14   Filed 08/28/23   Page 4 of 14

Many of the Plaintiff's allegations are not attributable to any Defendant; are so vague that the Court cannot determine the individual(s) to which Plaintiff refers; or are bare citations to legal theories that are completely lacking in factual support. [See, e.g., Doc. 12 at 4 (purporting to assert claims of obstruction of justice, malicious prosecution, and negligent hiring and retention; referring to "ongoing actions of the judicial officials employed at the Mecklenburg County Courthouse….")]. These allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, these claims are dismissed without individual discussion.

The Plaintiff names as a Defendant the Mecklenburg County Courthouse. However, a courthouse is not a "person" subject to suit under § 1983. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes

5

individuals and "bodies politic and corporate"); Estate of Lagano v. Bergen Cnty. Pros. Offc., 769 F.3d 850, 854 (3d Cir. 2014) (treating the definition of "persons" the same under § 1983 and § 1985); Owens v. Haas, 601 F.2d 1242 (2d Cir. 1979) (same); see, e.g., Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) (a jail is not a "person" subject to suit under § 1983); Smalls v. Md., No. 22-cv-1095, 2022 WL 16839044 (D. Md. Nov. 9, 2022) (a courthouse is not a person subject to suit under § 1983). Accordingly, the Mecklenburg County Courthouse is dismissed as a Defendant.

The Plaintiff also names as Defendants the MCSD and the CMPD. The law of the state in which the district court sits determines an entity's capacity to be sued. See Fed. R. Civ. P. 17(b). Under North Carolina law, neither police departments nor sheriff's departments can be sued as legal entities. See Smith v. Munday, 848 F.3d 248, 256–57 (4th Cir. 2017) (under North Carolina law, "police departments cannot be sued as entities"); Ragland v. Doe, 811 F. App'x 177 (4th Cir. 2020) (county sheriff's department is not an entity capable of being sued under § 1983); Eifird v. Riley, 342 F.Supp.2d 413, 420 (M.D.N.C. 2004) ("There is no North Carolina statute authorizing suit against a county sheriff's department."). Accordingly, the MCSD and CMPD are dismissed as Defendants.

The Plaintiff names as a Defendant Spencer Merriweather, III, the Mecklenburg County District Attorney. Prosecutors are absolutely immune from conduct that is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This includes "initiating a prosecution and ... presenting the State's case." Id. at 431; see Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (immunity applies to the extent that prosecutors serve as advocates for the State). Here, the Plaintiff claims that he sent Defendant Merriweather a "duress letter" addressing evidence that allegedly led to his "fraudulently obtained charges," which Merriweather ignored. [Doc. 12 at 8]. At bottom, the Plaintiff takes issue with Defendant Merriweather's decision to prosecute him, a decision for which Merriweather is absolutely immune regardless of his motivation or the presence of evidentiary support. Nero v. Mosby, 890 F.3d 106, 119 (4th Cir. 2018). Accordingly, the claims against Defendant Merriweather are dismissed.

The Plaintiff names as Defendants several private parties. Acts by private parties are considered state action only if the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). That is, there must be a "sufficiently close relationship with state

actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

Here, the Plaintiff names the LANC[4] as a Defendant. However, "a legal aid society ordinarily is not a state actor amenable to suit under § 1983." Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000); see, e.g., Hoyle v. McEntire, No. 5:13-cv-34-RLV, 2014 WL 6450562 (W.D.N.C. Nov. 17, 2014); see also Pickens v. Lewis, 710 F. App'x 162 (4th Cir. 2018) (affirming dismissal of claims against North Carolina Prisoner Legal Services for the reasons stated by the district court, which specifically held that NCPLS was not amenable to suit under § 1983). Accordingly, LANC is dismissed as a Defendant.

The Plaintiff also names as Defendants private individuals Katie McAbee, a LANC attorney,[5] and Jasmine Ivey, the mother of Plaintiff's child. An "otherwise private person acts 'under color of' state law when engaged in

---

[4] LANC is a "statewide, nonprofit law firm that provides free legal services in civil matters to low-income people…." See https://legalaidnc.org/about-us/ (last accessed Aug. 3, 2023); Fed. R. Evid. 201.

[5] Defendant McAbee's employment as an attorney does not make her a state actor. See Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir.1980) (whether an individual attorney's representation of a client is state action "is a question that other circuit courts, with complete unanimity, have answered by declaring unequivocally that there is a lack of state action in such a situation, and, consequently, no liability under 1983"); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."); see, e.g., Hoyle, 2014 WL 6450562 (dismissing LANC lawyers from a § 1983 action).

8

Case 3:23-cv-00036-MR   Document 14   Filed 08/28/23   Page 8 of 14

a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984) (citing Dennis v. Sparks, 449 U.S. 24, 27–28 (1980)).  To establish a conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right."  Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Hafner v. Brown, 983 F.2d 570, 576 n. 6 (4th Cir. 1992).  An essential element in any conspiracy to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators.  Ballinger v. North Carolina Ag. Extension Serv., 815 F.2d 1001 (4th Cir. 1987) (§ 1985 case).  Without such a meeting of the minds, the independent acts of two or more wrongdoers does not amount to a conspiracy.  Murdaugh Volkswagen v. First Nat'l Bank, 639 F.2d 1073 (4th Cir. 1981).  Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint.  See Woodrum v. Woodward County Okl., 866 F.2d 1121 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981).

The Plaintiff claims that Defendants McAbee and Ivey conspired with Defendant McDaniel, a MCSD deputy and Ivey's first cousin, to obtain

9

domestic violence protective orders against him; to find ways to accuse Plaintiff of violating the DVPOs; to deprive him of a relationship with daughter in a child custody battle; and to have criminal charges made against him. [Doc. 12 at 5-6]. To support his claim of conspiracy, the Plaintiff asserts that McDaniel appeared at child custody hearings in her uniform, accompanied by other deputies [id. at 5]; that McAbee, Ivey, and McDaniel "huddled up" before the custody hearings [id.]; that McAbee, Ivey and McDaniel have each other's cell phone numbers and have communicated with each other [id.]; that McDaniel babysits the Plaintiff's child for Ivey [id. at 6]; and that the "blood relation between Defendants Ivey & McDaniel" has prejudiced him "in every proceeding" in the Mecklenburg County courthouse [id.].

The Plaintiff's vague, conclusory, and implausible allegations that Defendants McAbee and Ivey conspired with McDaniel do not suffice to state a § 1983 conspiracy claim against these private parties. See, e.g., Wiggins v. 11 Kew Garden Court, 497 F. App'x 262 (4th Cir. 2012) (general allegations that defendants entered into an agreement, without sufficiently alleging plausible grounds to infer such an agreement, failed to state a § 1983 conspiracy claim). The claims against Defendants McAbee and Ivey are, therefore, dismissed.

The Plaintiff has also failed to state any plausible § 1983 claim against Defendant McDaniel. He argues that McDaniel is the "common denominator of the cause of prejudicing Plaintiff irreparably." [Doc. 12 at 5-6]. As discussed *supra*, the Plaintiff infers that McDaniel is somehow influencing the domestic violence, child custody, and criminal proceedings against him by virtue of her blood relationship with Ivey and her employment with CMPD. [Id.].

The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson 309 F.3d at 201-02. The Plaintiff's conclusory and speculative allegations that McDaniel somehow influenced various legal proceedings merely by virtue of her employment with MCPD, without factual support, are insufficient to state any plausible § 1983 claim. Accordingly, the claims against Defendant McDaniel are dismissed.

Finally, the Plaintiff asserts claims against Sheriff McFadden and Chief Jennings. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. A supervisor can only be liable

where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff claims that Sheriff McFadden and Chief Jennings are liable because they employed Defendant McDaniel at the time when she allegedly conspired with Defendants Ivey and McAbee [Doc. 12 at 5-7]; that the Plaintiff sent McFadden a letter claiming that the charges are "fraudulently obtained," which McFadden ignored [id. at 8]; and Chief Jennings' electronic monitoring program violates the Eighth Amendment [id. at 7].

These claims are too vague, conclusory, and lacking in factual support that these Defendants acted personally to violate the Plaintiff's constitutional rights. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. Nor do his vague claims about the electronic monitoring program and conspiracy state a plausible claim for supervisory liability. See Waybright v. Frederick Cnty., Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors and municipalities cannot be liable under § 1983 without some

12

predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.") (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). The Plaintiff's reliance on respondeat superior is insufficient to support a § 1983 claim. See Monell, 436 U.S. at 694. Accordingly, the Plaintiff's claims against Defendants McFadden and Jennings are dismissed.

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). The claims asserted under North Carolina law are, therefore, dismissed.

Finally, the Plaintiff again requests the appointment of counsel. [Doc. 12 at 8]. This request is moot due to this action's dismissal.[6]

The Court will dismiss this action with prejudice because the Plaintiff has already amended his complaint once, and he has failed to state a claim

---

[6] Even if this action were not being dismissed, the Plaintiff's request for counsel would be denied for the same reasons previously stated. [See Doc. 10 at 9-10].

for relief. See <u>Green v. Wells Fargo Bank, N.A.</u>, 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge